IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-49-BO

| | |
|---|---|
| JERRY ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 21]. A hearing on this matter was held in Elizabeth City, North Carolina on January 13, 2015. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the commissioner is REVERSED.

## BACKGROUND

Plaintiff applied for disability insurance benefits on January 18, 2011, alleging disability beginning August 30, 2005. [Tr. 69–70]. He later amended his onset date to September 27, 2009. [Tr. 39]. This application was denied initially and upon reconsideration. On June 25, 2012, an Administrative Law Judge (ALJ) held a hearing and on August 30, 2012, rendered an unfavorable decision. The Appeals Council denied Mr. Rogers's request for review, rendering the ALJ's decision the final decision of the Commissioner. Mr. Rogers now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

On his amended alleged onset of disability date, plaintiff was 50 years old. [Tr. 109]. He has a GED and a prior career as an electrician. [Tr. 41–42]. Mr. Rogers suffered a serious injury to his left knee on August 31, 2005, which resulted in surgery to repair the ruptured left

quadriceps tendon on September 9, 2005. [Tr. 212]. Mr. Rogers continued to suffer from pain and had a second surgery on his left knee on January 17, 2007. [Tr. 206–07]. In 2009, plaintiff twisted his right knee while exercising. [Tr. 260].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from his alleged onset date to the date last insured. [Tr. 25]. Mr. Rogers's obesity and chronic degenerative changes of the right knee qualified as a severe impairment at step two but were not found to meet or equal a Listing at step three. [Tr. 25–26]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work which allowed alternating between sitting and standing, limiting each to only 30 minutes at a time. [Tr. 26]. He could also climb ramps and stairs, as well as stoop and crouch occasionally, but could never crawl, kneel, or balance, nor could he tolerate exposure to operational control of moving machinery or unprotected heights. [*Id.*]. The ALJ then found that Mr. Rogers could no longer perform his past relevant work as cable satellite installer and electrician at step four. [Tr. 28]. At step five, however, the ALJ found that plaintiff was not disabled because he could perform the jobs of hand packer, inspector, and warehouse checker. [Tr. 29].

Substantial evidence does not support the ALJ's RFC finding in this matter. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). When formulating plaintiff's RFC, the ALJ relied on the opinion of consultative examiner Dr. Fernandez and state agency reviewers Dr. Caviness and Dr. Gardner. [Tr. 26–27]. Drs. Caviness and Gardner did not examine plaintiff. Dr. Fernandez's opinion limited plaintiff to standing or walking two to four hours per day with frequent breaks. [Tr. 249]. The ALJ's RFC of light work directly conflicts with Dr. Fernandez's opinion, however, as light work requires being on one's feet six hours out of the eight hour workday. [Tr. 26]. The ALJ did not address this conflict nor did she provide any reason for rejecting Dr. Fernandez's finding.

3

Moreover, the ALJ did not even address the opinions of plaintiffs' treating physicians. The regulations provide that a treating source's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F. R. § 404.1527(c)(2). The record demonstrates that Dr. Neslen is an orthopedist who performed two prior surgeries on plaintiff's left knee and has treated plaintiff since approximately 2005. Dr. Neslen's 2008 opinion restricted Mr. Rogers to the performance of no more than sedentary work. [Tr. 245]. Treating sources Lisa Sellers, a physician's assistant, and Dr. Gary Roper also rendered an opinion, which, though rendered after the date last insured of December 2010, specifically related back to November 2008. [Tr. 283]. This opinion is even more restrictive than Dr. Neslen's opinion, finding that Mr. Rogers is not even capable of sedentary work given his limitations. [Tr. 279–83]. Dr. Charles DePaolo, an orthopedist, also restricted Mr. Rogers to sedentary work following an evaluation in June 2007 after plaintiff's second surgery. [Tr. 125]. The ALJ's RFC is not consistent with any of the treating sources' opinions in the record, all of whom limited Mr. Rogers to, at the very most, sedentary work.

The ALJ also erred in finding that Mr. Rogers was totally disabled because he could do laundry, sweep, and prepare small meals [Tr. 28]. The ability to work "only on an intermittent basis is not the ability to engage in 'substantial gainful activity'. This term has been defined as performance of substantial services with reasonable regularity in some competitive employment or self-employment." *Cornett v. Califano*, 690 F.2d 91, 94 (4th Cir. 1978) (internal citation and quotation omitted); *see also Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995) (noting that "the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work"). Accordingly,

4

the ALJ's determination that Mr. Rogers was capable of light work is not supported by substantial evidence. The evidence before the ALJ clearly demonstrates that, at most, Mr. Rogers is capable of sedentary work.

An RFC of sedentary work necessitates a finding of disability under the Medical Vocational Guidelines ("grids"). Mr. Rogers was 50 years old as of his amended alleged onset date of September 27, 2009, has a GED and performed past relevant work as a satellite installer and electrician, which do not have transferable skills to a sedentary position. [Tr. 56]. Accordingly, Mr. Rogers should have been found disabled pursuant to grid rule 201.14. 20 C.F. R. Pt. 404, Subpt. P, App'x II 201.14.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, it is clear that the record does not contain substantial evidence to support a decision denying coverage. The Court therefore REVERSES the decision of the Commissioner and remands to the agency for an award of benefits as of his alleged onset date of September 27, 2009.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED, this 23 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE